IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE POUNCEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13cv711-WHA |
| | ) | (WO) |
| MAMIE McCORY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

In this petition for writ of habeas corpus under 28 U.S.C. § 2254, Terrence Pouncey

("Pouncey") challenges the August 1, 2013, judgment of the City of Dothan Municipal Court

revoking his probation and imposing the suspended portions of his sentences in eight

municipal court cases.[1]   Pouncey did not seek appellate review of the municipal court's

---

[1] Pouncey's probation was revoked based on his commission of a new offense, public
intoxication (Case No. MC11-13-1151).  He was on probation in the following eight municipal
court cases:

•   Case No. MC11-11-208: Pouncey pled guilty to public intoxication
    (October 11, 2011); the municipal court sentenced him to 30 days
    in jail, ordered him to serve 20 days and suspended the remaining
    10 days, and placed him on probation for a term of two years.
    Doc. No. 36 - Ex. at 2-6.

•   Case No. MC11-12-120: Pouncey pled guilty to obstructing
    governmental operations (March 2, 2012); the municipal court
    sentenced him to 180 days in jail, ordered him to serve 60 days and
    suspended the remaining 120 days, and placed him on probation
    for a term of two years.  *Id*. at 10-14.

(continued...)

revocation judgment.

Pouncey filed this § 2254 petition on September 27, 2013.  He seems to claim that the

municipal court's judgment revoking his probation is invalid because, he says, he had to

---

[1](...continued)

- Case No. MC12-12-121:  Pouncey pled guilty to possession of drug paraphernalia (March 2, 2012); the municipal court sentenced him to 180 days in jail, ordered him to serve 30 days and suspended the remaining 150 days, and placed him on probation for a term of two years.  *Id*. at 19-22.

- Case No. MC11-12-831: Pouncey pled guilty to public intoxication (August 27, 2012); the municipal court sentenced him to 30 days in jail, ordered him to serve 10 days and suspended the remaining 20 days, and placed him on probation for a term of two years.  *Id*. at 27-30.

- Case No. MC11-12-1991:  Pouncey pled guilty to theft of property (November 19, 2012); the municipal court sentenced him to 180 days in jail, ordered him to serve 30 days and suspended the remaining 150 days, and placed him on probation for a term of two years.  *Id*. at 33-36

- Case No. MC11-12-1992:  Pouncey pled guilty to another charge of theft of property (November 19, 2012); the municipal court sentenced him to 180 days in jail, ordered him to serve 30 days and suspended the remaining 150 days, and placed him on probation for a term of two years.  *Id*. at 41-44.

- Case No. MC11-12-2179: Pouncey pled guilty to assault/harassing a public safety officer (January 31, 2013); the municipal court sentenced him to 180 days in jail ordered him to serve 30 days and suspended the remaining 150 days, and placed him on probation for two years.  *Id*. at 49-52.

- Case No. MC11-13-459: Pouncey pled guilty to theft of property (April 3, 2013); the municipal court sentenced him to 180 days in jail, ordered him to serve 90 days and suspended the remaining 90 days, and placed him on probation for two years.  *Id*. at 55-58.

serve only the initial incarceration portions of the sentences imposed by the municipal court and could not be required to serve the suspended portions of his sentences (even if his probation was revoked before it was completed).[2]

Upon consideration of the § 2254 petition, the parties' submissions, the record, and the applicable law, the court concludes that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and the § 2254 petition should be denied because Pouncey's claim is procedurally defaulted.

## II.   DISCUSSION

The respondents argue that Pouncey's claim for federal habeas relief is procedurally defaulted because he failed to exhaust the claim in the state courts and he cannot return to the state courts to present his unexhausted claim.  Doc. No. 36 at 6-13.

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.  *O'Sullivan v. Boerckel*, 526 U.S. 838,

---

[2] Pouncey's claim is based on his failure – or refusal – to recognize that each sentence imposed in the eight municipal court cases included a suspended portion.  *See* Doc. No. 36 - Ex. at 2-58.  The suspended portions would not be discharged until, and unless, the two-year term of probation was completed by Pouncey without incident.  Pouncey, however, committed a new criminal offense before his probation was completed, resulting in revocation.

845 (1999); *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Claims not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

Alabama law permits a defendant to appeal from the judgment of a municipal court, including the revocation of probation. *See* § 12-12-70(b), Ala. Code 1975; Ala. R. Crim. P. 30.1(a), 30.2. Such an appeal may be pursued in two ways. A defendant may appeal directly to the Alabama Court of Criminal Appeals if there is an adequate record for appeal or the parties stipulate to the facts "or . . . [i]f the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question." Ala. R. Crim.

P. 30.2(1) & (2).  If these requirements are not met, a defendant may appeal to the circuit court and then appeal to the Court of Criminal Appeals if the circuit court upholds the revocation.  *See Stokley v. State*, 709 So. 2d 84, 85 (Ala. Crim. App. 1997).

To appeal directly to the Alabama Court of Criminal Appeals, the defendant must file a notice of appeal within 42 days from the municipal court's judgment.  Ala. R. Crim. P. 30.3(c).  To appeal to the circuit court, the defendant must file a notice of appeal within 14 days from the municipal court's judgment.  Ala. R. Crim. P. 30.3(a).

Pouncey did not appeal from the municipal court's revocation judgment, either directly to the Alabama Court of Criminal Appeals or to the circuit court.  Therefore, he failed to exhaust his challenge to the revocation of his probation by "invoking one complete round of the State's established appellate review process."  *Boerckel*, 526 U.S. at 845. Moreover, even allowing Pouncey the benefit of the longer 42-day period he would have had to appeal directly to the Alabama Court of Criminal Appeals, *see* Ala. R. Crim. P. 30.3(c), his time for filing an appeal lapsed on September 12, 2013 (42 days after the August 1, 2013, revocation of his probation).  Thus, Pouncey's claim challenging the revocation of his probation is procedurally defaulted, because he did not exhaust it and he can no longer present it to the state courts.  *See Henderson*, 353 F.3d at 891.

This court may reach the merits of Pouncey's procedurally defaulted claim only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from

the default.[3]  *Henderson*, 353 F.3d at 892.  Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Id*.  A fundamental miscarriage of justice occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.[4]  *Id*.

Pouncey does not try to demonstrate cause for his procedural default, and he does not assert his actual innocence.  Consequently, his procedurally defaulted claim is foreclosed from federal habeas review.

---

[3] "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."  *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Id*.; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

[4] The miscarriage of justice standard is directly linked to actual innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Id.* at 315.

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Id.* at 324.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 20, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE